Mr. Chief Justice Sharket
delivered the opinion of the court.
The substantial and leading object of the bill seems to be a review of the course of administration pursued by Edmundson, as joint administrator with his wife, on the estate of William Martin, with the will annexed. He is charged with having failed to return a proper inventory; with having received the profits of the estate and converted them to his own use, in the purchase of land and negroes; with speculating on the property of the intestate; with having improperly and illegally sold land belonging to the estate; and with having sold part of the personal property, and various other less important matters of like character.
To the bill there was a demurrer. The jurisdiction of the probate court in all matters of this kind was fully considered in the case of Blanton v. King et al., at the present term of this court, and held to be fully adequate for all the purposes of administration, and there is believed to be nothing in this case in which the jurisdiction of the probate court would fall, short in affording a complete remedy, and that, therefore, equity cannot interfere.
If the administrator has failed to return an inventory, or has received the profits of the estate and converted them to his own use, or squandered the effects of the estate, he is liable on his *823 bond. If he has illegally sold land, such illegal sale did not change the title, and if the sale was legal, he is liable for the proceeds ; and so also in regard to personal property. It is charged also, that he has refused to make distribution of the estate. The probate court has a plain course pointed out by which to coerce distribution, and here also there is an additional remedy on the bond.
It has become too common for parties interested in estates to neglect the course of administration, under a belief that they can have redress for mal-administration by resorting to equity. Too great a diligence cannot be exercised in keeping administrators within the legal guards and checks; for which purpose the probate courts are clothed rvith general 'jurisdiction and adequate provisions. Whenever their powers become inadequate it will be time enough for the court of chancery to interfere.
The decree must be reversed, the demurrer sustained, and bill dismissed.